JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THORNBURG MORTGAGE HOME LOANS, INC., <br><br> Plaintiff, <br><br> v. <br><br> COUNTRYWIDE HOME LOANS, INC., <br><br> Defendant. | NO. CV 08-06994 SJO (FFMx) <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ACTION TO SUPERIOR COURT** <br> [Docket No. 14] |

This matter is before the Court on Plaintiff Thornburg Mortgage Home Loans, Inc.'s ("Thornburg") Motion to Remand Action to Superior Court, filed December 31, 2008. Defendant Countrywide Home Loans, Inc. ("Countrywide") filed an Opposition, to which Thornburg replied. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for January 26, 2009. *See* Fed. R. Civ. P. 78(b). Because of the following reasons, Thornburg's Motion is GRANTED.

I.  BACKGROUND

According to Thornburg's Complaint, Thornburg and Countrywide entered into a fully executed Mortgage Loan Purchase and Servicing Agreement ("MLPSA") in September 2005. (Compl. ¶ 6.) Upon entering the MLPSA, Thornburg commenced purchasing loans from Countrywide in accordance with the procedures set forth in the MLPSA. (Compl. ¶ 7.) In the

MLPSA, Countrywide made specific warranties, including that "each Mortgage Loan complies in all material respects [sic] with applicable state and federal laws including, without limitation, truth in lending, real estate settlement procedures, consumer credit protection, equal credit opportunity and disclosure laws applicable to the Mortgage Loan." (Compl. ¶ 10(d) (citing MLPSA Art. III, § 3.2(f).) Thornburg alleges in its Complaint that Countrywide breached a number of the warranties it made in the MLPSA, including "its representations and warranties contained in . . . Section 3.2 of the MLPSA." (Compl. ¶ 44.) Thornburg asserts claims against Countrywide for breach of contract, breach of implied covenant of good faith and fair dealing, specific performance of contract, declaratory relief seeking a judicial determination of Plaintiff's rights under the MLPSA, negligence, and unjust enrichment.

II.     DISCUSSION

Under 28 U.S.C. § 1441, the removal statute, an action is removable to federal court only if it might have been brought there originally. *See* 28 U.S.C. § 1441(a). The removal statute is "strictly construe[d] . . . against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal . . . ." *Id.* (internal citation omitted). "Th[is] 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (internal citations omitted).

28 U.S.C. § 1331 gives federal courts "original jurisdiction" over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action" or that the "plaintiff's right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13, 27–28 (1983); *see Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006) (internal citation omitted).

With regard to the second category of cases "arising under" federal law, "embedded federal issue" cases, the presence of a federal issue is not "a password opening federal courts to any state action embracing a point of federal law." *See Grable & Sons Metal Prods., Inc. v. Darue*

*Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).  "[C]ountless claims can be said to depend in some way on federal propositions, yet not all such cases 'arise under' federal law."  *Hunter v. United Van Lines*, 746 F.2d 635, 645 (9th Cir. 1985).  Rather, to qualify for federal question jurisdiction, a state law claim must "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."  *Grable*, 545 U.S. at 314.  In order for a federal issue to be substantial, it must "indicat[e] a serious federal interest in claiming the advantages thought to be inherent in a federal forum."  *Id.* at 313 (internal citations omitted).  The absence of a federal cause of action is a relevant factor to be considered in assessing whether a federal issue is substantial.  *See Grable*, 545 U.S. at 318; *Merrell Dow Phams. Inc. v. Thompson*, 478 U.S. 804, 811 (1986).

In the instant action, Thornburg states that each of its claims against Countrywide "arises directly from California law without reference to federal law." (Pl.'s P. & A. 2.)  Thornburg notes that although the MLPSA warrants that each loan complies with federal law (*see* MLPSA Art. III, § 3.2(f)), the bases for its claims are not violations of federal law but rather violations of state law.  In addition, although the Complaint alleges that in addition to other violations regarding one of the loans, "no HUD-1 was provided to the borrower" (Compl. ¶ 34), this single federal law issue is not substantial so as to make the action arise under federal law.

Because Countrywide has failed to establish a "compelling federal judicial interest in embracing this case as a federal question," *see Campbell v. Aerospace Corp.*, 123 F.3d 1308, 1315 (9th Cir. 1997), the Court finds that Countrywide has not met its burden of showing that removal was proper on the basis of federal question jurisdiction.  Cognizant of the "strong presumption" against removal jurisdiction, the Court GRANTS Plaintiffs' Motion.  *See Gaus*, 980 F.2d at 566.

III.   <u>RULING</u>

1  For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Remand Action to
2  Superior Court. The action is hereby REMANDED.

4  IT IS SO ORDERED.
5  January 26, 2009                              /S/ S. James Otero

                                        _____
                                              S. JAMES OTERO
                                        UNITED STATES DISTRICT JUDGE

4